MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 205*—*when court may not render a compromise judgment.* A trial court cannot render a compromise judgment which the parties will not accept if the evidence introduced will not support it.

2. LANDLORD AND TENANT, § 79*—*when lease deemed to have been terminated.* Where the lessee of an apartment, holding under a lease containing the following clause: "Cancellation privilege granted September 30, 1914, if a registered letter notice is given by August 15, 1914, and $30 paid extra," gave notice as required on August 7, 1914, and sent to the plaintiff a check for $30 which was received by him on September 28th, and retained by him, though not cashed, and delivered the keys to the lessor on September 25th and moved from the apartment, and the lessor placed rent signs in the windows of the apartment, *held* that the lease was terminated in accordance with its terms.

———————

# White City Electric Company, Defendant in Error, v. Maurice Fleckles, Plaintiff in Error.

## Gen. No. 21,630.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

## Statement of the Case.

Action by the White City Electric Company, a corporation, plaintiff, against Maurice Fleckles, defendant, for work done by the plaintiff on the defendant's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

building.    To review a judgment for plaintiff, defendant prosecutes a writ of error.

EDWARD MAHER, for plaintiff in error.

CLELAND, LEE & PHELPS, for defendant in error; LESTER E. LEE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1.   BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence sufficient to show ratification of orders for extra work.*   In an action for extra work done by the plaintiff on the defendant's building, evidence *held* sufficient to show that the defendant's architect had authority to order the work done and that he had delegated such authority to the defendant's manager and ratified orders given by him, and that the defendant had knowledge of and did not object to the work as done.

2.   BUILDING AND CONSTRUCTION CONTRACTS, § 31*—*when evidence sufficient to show waiver of provision for written order for extra work.*   In an action for extra work done by the plaintiff on the defendant's building, evidence *held* to show that a provision in a written contract that all orders for extras should be in writing, had been waived.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.